PECKHAM *v.* COZZENS.

SMITH *v.* SAME.

(*Circuit Court, D. Rhode Island.* March 2, 1881.)

1. ILLEGAL PREFERENCE—KNOWLEDGE OF CREDITOR.
    The illegality of a preference depends upon the actual knowledge
    of the creditor.—[ED.

Appeals from district court.

*Wm. P. Sheffield,* for complainants.

*Saml. R. Honey* and *Francis B. Peckham, Jr.,* for defendant.

LOWELL, C. J.    E. Truman Peckham was made bankrupt in this district upon a petition filed March 22, 1878, and William J. Cozzens is his assignee. On the twenty-second of January, 1878, the bankrupt had given two mortgages of land and buildings to his relatives, William J. Peckham and John G. Smith, to secure them for liabilities which they had incurred for him. The land was duly sold by the assignee, free of encumbrances, and the purchase money is in court to answer in its stead. Bills and cross-bills were filed in the district court, the assignee insisting that the mortgages were fraudulent preferences, and the mortgagees maintaining their validity. The district court found the mortgages to be valid.*

· The question is whether Peckham and Smith—for they stand precisely alike—had reason to believe that E. Truman Peckham was insolvent on the twenty-second of January, and knew that he intended to commit a fraud upon the act.

I agree with the district judge that the assignee has failed to prove the necessary facts. The evidence was unfortunately taken upon written interrogatories, and is very vague. There are suspicious circumstances, but I cannot say that it is proved that the mortgagees knew much about the affairs of the bankrupt, or had any particular reason to believe him insolvent.

*See 3 FED. REP. 794.

It is not the case of a conveyance out of the ordinary course of business of the debtor. The mortgage of a homestead has nothing to do out of the course of business. The fact of an attachment having been made was constructively known to all the world by its record, but the illegality of a preference depends upon actual knowledge, and there is no evidence that the fact was actually known to the mortgagees. I have read the evidence carefully, and must repeat that knowledge is not brought home to those parties. As they have absorbed pretty much all the assets, I do not feel bound to give them costs.

Decrees affirmed, without costs.